WILLIAM WILLIAMS *et al.*, executors, plaintiffs in error, *vs.* LITTLETON PHIPPS, defendant in error.

Though the statement of an obligee in a bond for titles, made to his assignee at the time of its transfer, to the effect that the purchase money was payable in Confederate currency, is not admissible as evidence against the obligor, yet if there be other testimony sufficient to authorize the jury to scale the claim under the Ordinance of 1865, and they do so scale it, this Court is not bound to grant a new trial, especially if substantial justice appears to have been done.

Scaling Ordinance. Bond for titles. Evidence. Before Judge STROZER. Baker Superior Court. May Term, 1873.

William D. Williams brought ejectment against Littleton Phipps for the recovery of lot number one hundred and twenty-eight, in the eighth district of Baker county. Phipps filed his bill to enjoin said action. He alleged that on April 23d, 1862, one John G. Slappy purchased said land from Williams and took the following bond for titles:

" GEORGIA—BAKER COUNTY.

"I hereby pledge my word to Dr. John G. Slappy to make him good and sufficient titles to lot of land number one hundred and twenty-eight, in the eighth district of said county, provided he pay me $1,250 00, with interest from the 1st day of *(December, 1858, by the first day of) January next, or one-half of that amount and the remaining half twelve months thereafter. Titles not to be made until the whole amount is paid. I am to have possession of said land if the first payment is not made as above specified.

"April 23d, 1862.      (Signed)      W. D. WILLIAMS."

That on January 1st, 1863, the time of payment specified in said writing obligatory, Slappy paid to said Williams $803 25, the first installment due, and on the succeeding day transferred said instrument to complainant for a valuable consideration; that the understanding between Williams and Slappy, at the time of the making of the aforesaid contract was, that the purchase money for said land should be paid in Confederate money, or other like depreciated currency, which, on the day the first installment became due, was only worth one-third its nominal value, and on January 1st, 1864, when the second installment matured, was worth but one-tenth its nominal value; that at the time complainant purchased, it was the distinct understanding between him and Slappy that he was to pay the balance of the purchase money

---

*The words within brackets do not appear in the instrument as set forth in the brief of evidence.

due to Williams in said depreciated currency, and complainant accordingly, on the day the second installment matured, tendered to Williams the full amount thereof in Confederate money, which he refused to accept; that on September 27th, 1866, complainant paid to said Williams $300 00 in United States currency, and on July 29th, 1868, $150 00 in the same currency, on account of said land.

Prayer that the action of ejectment be enjoined, and that the defendant be decreed to perform specifically his contract aforesaid, and to execute to complainant a valid title to said land.

The answer of the defendant is unnecessary to an understanding of the decision, and is, therefore, omitted.

The evidence of the complainant sustained substantially the allegations of the bill. During his examination his counsel proposed to ask him the following question:

"What was your understanding as to the kind of money which Slappy was to pay defendant for the land?"

Counsel for defendant objected to the complainant's stating his understanding unless he derived his information from the defendant. The objection was overruled, and the complainant testified that his understanding; as derived from Slappy, was that the purchase money was to be paid in Confederate currency.

The jury returned a verdict directing that upon the payment of $175 00 within thirty days to the defendant, he should convey the premises in dispute, by deed, to the complainant.

The defendant moved for a new trial upon several grounds, and amongst them, because the Court erred in overruling the objection aforesaid to the complainant's testimony as to his understanding in reference to the currency in which payment for the premises in dispute was to be made.

The motion was overruled and the defendant excepted.

The plaintiff in error having died whilst the case was pending in this Court, his executors, William Williams and Howell Williams, were, by consent, made parties in his place.

Williams *et al. vs.* Phipps.

A. L. Hawes; Vason & Davis, for plaintiff in error.

I. C. Bower; Gurley & Russell, for the defendant.

Trippe, Judge.

It was improper to admit in evidence any statement made by Slappy, the obligee in the bond to his assignee, when the obligor was not present, and in this case, the error would be sufficient to order a new trial, did it not appear that there was sufficient evidence, without that to authorize the jury to scale this claim as they have done. That evidence was in writing, and was an entry on the bond made by the obligor himself. This bond bore date, April 23d, 1862. This entry was dated January 1st, 1863, and recited that the obligor had that day received one-half the amount to be paid from Slappy in Confederate money, and if Slappy paid the other half in twelve months he was to make him titles, otherwise he was to refund what was paid in Confederate notes or its equivalent. The next day Slappy transferred the bond to Phipps, with that entry on it. Phipps tendered, at the proper time, the balance in Confederate money, which was refused. Since the war Phipps paid Williams several hundred dollars in United States currency. The jury gave a verdict for $175 00, in favor of plaintiff.

Although the Court may have committed the error referred to, yet, the jury well may have given the verdict under the other evidence, and as we think substantial justice was done, we do not grant a new trial on that account.

Judgment affirmed.